**Yuman LOPEZ–CANCINOS,
and Yocari Castillo De
Lopez, Petitioners,**

v.

**Alberto R. GONZALES, United
States Attorney General,
et al., Respondents.**

Nos. 05–71479, 05–75535, A75–721–259, A75–476–579.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided June 2, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**722**

Yuman Lopez–Cancinos, Tucson, AZ, pro se.

Yocari Castillo De Lopez, Tucson, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, OIL, DOJ—

U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondents.

Before FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,* District Judge.

## MEMORANDUM**

Petitioners Yuman Beltran Lopez–Cancinos ("Yuman") and Yocari Selenita Castillo de Lopez ("Yocari") (collectively, "Petitioners"), husband and wife, petition for review of the decision of the Board of Immigration Appeals ("Board") affirming the Immigration Judge's ("IJ") denial of their claims. Specifically, Yuman appeals the denial of his claims for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and voluntary departure. Yocari appeals the denial of her asylum claim. We affirm.

The Court is without jurisdiction to review the denial of Yuman's claims for asylum and voluntary departure because the petition for review raises no cognizable constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D); *Ramadan v. Gonzales*, 427 F.3d 1218, 1221 (9th Cir. 2005).

Turning to the remaining claims, we review the rejection of Yuman's withholding of removal and CAT claim and Yocari's asylum claim under the substantial evidence standard, and must affirm even if it is possible to draw differing conclusions from the evidence. *Pedro–Mateo v. I.N.S.*, 224 F.3d 1147, 1150 (9th Cir.2000).

---

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

In light of the detailed country reports in the record below, we conclude substantial evidence supported the rejection of those claims on the grounds that changed country conditions in Guatemala rebutted any claims of potential future persecution. *Cf. I.N.S. v. Orlando Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (recognizing the improved conditions in post-civil war Guatemala). We recognize that there was contrary evidence introduced by Petitioners regarding conditions in Guatemala. However, that evidence was insufficient to compel reversal. *I.N.S. v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it. . . .") (Emphasis in original).

**AFFIRMED.**